# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 15, 2014 Session

## STATE OF TENNESSEE v. JAMES MURRAY WASHINGTON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2638      Monte Watkins, Judge**

---

**No. M2013-00831-CCA-R3-CD - Filed March 31, 2015**

---

THOMAS T. WOODALL, J., concurring.

I join in the majority opinion except that portion which concerns the appellant's challenge that his constitutional right to confront a witness was denied by admission into evidence of the autopsy report prepared by Dr. Ann L. Bucholtz, M.D.  The appellant was entitled to cross-examine Dr. Bucholtz prior to admission of the autopsy report.  Therefore, I conclude it was error to admit the *autopsy report* itself into evidence as an exhibit.  However, my conclusion does not extend to bar the use of Dr. Bucholtz's autopsy report by the testifying physician to form his own expert opinion.

To me, it defies logic to conclude that an autopsy report such as the one in this case is *not* testimonial, as that term is defined in *Davis v. Washington*, 547 U.S. 813 (2006) as follows:

> [statements] are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id*. at 822.

In this case, the written autopsy report allowed into evidence contains in part the following language:

MANNER OF DEATH: HOMICIDE

CAUSE OF DEATH: BLUNT FORCE TRAUMA WITH STAB WOUNDS

PATHOLOGIC DIAGNOSIS:

Blunt force trauma with stab wounds:

1.      Blunt force trauma of head:

   A.      Skull fractures, multiple.
   B.      Subarachnoid and subdural hemorrhages.
   C.      Contusion of brain.

2.      Stab wounds of left neck:

   A.      Lacerations of left jugular vein, right
           vertebral artery and trachea.
   B.      Hemorrhage of neck.

Directly above Dr. Bucholtz's signature on the report is typed information including the following:

The purpose of this report is to provide a certified opinion to the County Medical Examiner *and the District Attorney General*. (emphasis added).

Obviously the information was provided to the District Attorney General to "establish or prove past events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822. The autopsy report was testimonial, and should not have been admitted into evidence if a proper objection had been made. No objection was made. However, I conclude that the appellant is not entitled to relief pursuant to "plain error" because he has failed to show that consideration of the error is necessary in order to do substantial justice. See *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994). As noted by the majority opinion, the primary issue at the appellant's trial was the identity of the appellant as the perpetrator. Any error in violating the appellant's constitutional right to confront witnesses was harmless beyond a reasonable doubt.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

-2-